STEPHEN S. TUNNELL
v.
WILLIAM FERGUSON.

SLANDER—INSTRUCTION.—In a case of slander it is competent for the defendant to establish the truth of the matter charged by a preponderance of testimony. As the instructions given were not in accordance with the above, they were erroneous. The second instruction was erroneous in that it entirely ignored the plea of justification.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed October 5, 1885.

Mr. JOHN A. BELLATTI, for appellant.

Mr. JAMES M. EPLER and Mr. E. G. WILSON, for appellee.

CONGER, J. This was an action of slander. The first and second counts charged appellant with perjury, and the third with larceny. Pleas of not guilty and of justification filed, trial and verdict against appellant for $1,250.

Several errors are assigned, but it is only necessary to notice those assigned upon the giving of appellee's 1st, 3d, and 5th instructions. By the 1st instruction the jury were told that " if the defendant pleads justification, he must prove the facts

constituting his plea of justification beyond a reasonable doubt. That is, the same testimony that would be required to convict the plaintiff criminally charged with the crime, must be adduced by the defendant or otherwise, else the plea of justification is not available." The 5th instruction is in substance the same. This was error. While the Supreme Court did at one time hold the above doctrine, it has been since changed by statute; see Sec. 3, Chap. 126, act in force July 1, 1874. By that section it is declared that "it shall be competent for the defendant to establish the truth of the matter charged by a preponderance of testimony."

Nothing, we think, can be plainer than that these instructions are in direct conflict with the statute.

The 3d instruction is as follows : "The court instructs the jury for the plaintiff, that if you find from a preponderance of the evidence in the case that the defendant spoke and published of the plaintiff the words as alleged in the plaintiff's declaration, you should find for the plaintiff, and assess his damages at such sum as the evidence may show him entitled to."

This instruction entirely ignores the plea of justification, and although the jury may have believed the plea of justification, yet they are told if the words were spoken they must find for the plaintiff.

For these errors this case must be reversed.

Reversed and remanded.